WR-62,099-03
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/8/2015 12:55:52 PM
Accepted 4/8/2015 1:12:29 PM
ABEL ACOSTA
CLERK

No. WR-62,099-03

RECEIVED
COURT OF CRIMINAL APPEALS
4/8/2015
ABEL ACOSTA, CLERK

## IN THE
## COURT OF CRIMINALAPPEALS
## FOR THE STATE OF TEXAS

**In re Robert Lynn Pruett,**

Petitioner,

vs.

**William Stephens**,
Director, Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent.

_____

## MOTION TO RECUSE JUDGE BERT RICHARDSON

_____

## CAPITAL CASE
## MR. PRUETT IS SCHEDULED TO BE EXECUTED ON APRIL 28, 2015.

_____

David R. Dow
Texas Bar No. 06064900
ddow@central.uh.edu
University of Houston Law Center
100 Law Center
Houston, Texas 77204-6060
TEL: (713) 743-2171
FAX: (713) 743-2131

No. WR-62,099-03


IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS


**In re Robert Lynn Pruett,**

Petitioner,

vs.

**William Stephens**,
Director, Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent.

_____

**MOTION TO RECUSE JUDGE BERT RICHARDSON**
_____

To avoid any appearance of impropriety and promote public confidence in the integrity of the judiciary, Relator-Petitioner Robert Lynn Pruett asks that Judge Bert Richardson recuse himself, or be recused by the Court, from further participation in this case. The basis for this motion is that Judge Richardson presided over the DNA proceedings in this case in the trial court. The petition filed in this cause pertains to the evidence that was at issue in the trial court proceedings over which Judge Richardson presided.

The grounds for recusal of appellate judges are the same as the grounds for the recusal of trial judges. *See* Tex. R. App. P. 16.2. Under Texas Rule of Civil Procedure 18b(2), a judge must recuse himself in any proceeding in which:

(a)    his impartiality might reasonably be questioned;

(b)    he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Tex. R. Civ. P. 18b(2)(a), (b).

The standard for assessing judicial bias in this context is whether the allegation of lack of impartiality is grounded on facts that would create doubts concerning the judge's impartiality – not in the mind of the judge himself, or even, necessarily, in the mind of the party filing the motion, but rather in the mind of a reasonable person with knowledge of all the circumstances involved. *Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992); *see Rogers v. Bradley*, 909 S.W.2d 872, 880-82 (Tex. 1995) (Enoch, J., responding to declaration of recusal). The language of the rule is mandatory. The standard is an objective one: It requires "the judge to recuse if 'his impartiality might reasonably be questioned,' regardless of the source or circumstances giving rise to the question of impartiality and even though the source and circumstances may be beyond the judge's volition or control." *Rogers*, 909 S.W.2d at 874 (Gammage, J., declaration of recusal).

Because of Judge Richardson's presiding over proceedings in the trial court,

2

his impartiality with respect to the instant petition might reasonably be questioned by a reasonable person. Moreover, if Judge Richardson acquired any knowledge during those proceedings that was outside of the record on appeal received by this Court, that knowledge would seem to require his recusal.

If these proceedings were in the federal (rather than state) courts, Judge Richardson's recusal would be required. See 28 U.S.C. § 47 ("No judge shall hear or determine an appeal from the decision of a case or issue tried by him."). Similarly, his recusal would be required if Texas was among the states to have adopted the American Bar Association's Model Code of Judicial Conduct. *See* Model Code of Judicial Conduct R. 2.11(A)(6)(d) (requiring a judge to disqualify himself if he "previously presided as a judge over the matter in another court"). The federal rule reflects that a reasonable person would harbor doubts as to the impartiality of an appellate court judge, when that same judge previously acted as the trial court judge in the same case.

## PRAYER FOR RELIEF

For the foregoing reasons, Mr. Pruett asks that Judge Richardson recuse himself, or be recused by this Court, from the case.

Respectfully Submitted,


s/ David R. Dow

_____
David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
100 Law Center
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131

*Counsel for Robert Pruett*

## CERTIFICATE OF SERVICE

I certify that on the 8th day of April 2015, a true and correct copy of the above legal document was delivered via email to:

Jefferson Clendenin
Assistant Attorney General
Criminal Appeals Division
Texas Bar No. 24059589
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Tel. (512) 936-1600
Fax (512) 320-8132
Email jay.clendenin@texasattorneygeneral.gov


Melinda Fletcher
Special Prosecution Unit
mfletcher@sputexas.org

s/ David R. Dow

_____

David R. Dow